EASTERN DIST.
*April*, 1840.

DELAFIELD ET AL
*vs.*
SHERWOOD.

</div>

---

### DELAFIELD ET AL. *vs.* SHERWOOD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The testimony of several witnesses, who swear positively to a transaction and discharge of the defendant from the debt, sought to be enforced, will outweigh the testimony of a single witness to the contrary, who was not present all the time of the transaction.

This is an action against the *drawee* of a bill of exchange, drawn at Cincinnati, the 9th of August, 1838, by Channing Richards, in favor of and endorsed by Wolcott Richards, for four thousand dollars, payable three months after date. It was addressed to the defendant in New-York, and never accepted, but protested at maturity for non-payment.

There was a supplemental petition, alleging that the defendant had not been found on the process which issued on the first petition, but that he had since made a payment on said draft, leaving still a balance due of one thousand three hundred and fifty-six dollars. They pray for an *alias writ* of arrest and judgment.

The defendant resisted payment, and pleaded a discharge by the plaintiffs in Cincinnati, where he had been sued and arrested for the same debt.

There was a variety of testimony, and some of it contradictory; but several of the witnesses, and among them the sheriff and his deputies in Cincinnati, in whose office the transaction and discharge took place, swore positively to this fact.

There was judgment for the defendant, and the plaintiffs appealed.

*Peyton,* for the appellants.

*L. C.* and *G. B. Duncan,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs are appellants from a judgment rendered against them, on the ground that a settlement and discharge of the defendant's liability on the draft, took place subsequently to the institution of this suit.

The question presented is one of fact simply. The present suit was brought the 6th of February, 1839. On the 23d of the same month, the defendant was arrested in Cincinnati, on the same claim; and the settlement and discharge on which he relies is testified to have taken place on the same evening, by the sheriff who had arrested him, his two deputies, and a gentleman whom he had sent for to become his bail. The testimony of these four witnesses is perfectly concordant and explicit. They all positively depose, that the plaintiff (Delafield) agreed, in consideration of the sum of three thousand dollars then received, to discharge the defendant absolutely from the debt; and declined to give a

written discharge, only from an apprehension that he might
thereby lose his claim or recourse against another party to the draft, for the balance. All this took place in the sheriff's
office, where the defendant was detained until this settlement and discharge was effected. This took place on a Saturday evening. The plaintiffs rely on the testimony of Vaughan, the attorney employed to bring the suit. This witness was in the sheriff's office for a short time only after the arrest of the defendant, and before the settlement and discharge took place, to which the other witnesses have testified. He, however, swears, that on the Monday following, the plaintiff thought of arresting the defendant a second time, and applied to witness, his former attorney, who declined. A suit was brought by another attorney, and discontinued. The witness further says, that on the same day the defendant, who had a northern draft for about five thousand dollars, offered to plaintiff seven hundred dollars for an absolute discharge, as he was anxious to close the matter; provided, he would give him the cash for the balance. This was refused.

It does not appear to us that the district judge erred in concluding that the testimony of four witnesses fully established the settlement and discharge of the defendant; and could not be outweighed by that of the plaintiff's attorney, who was not present all the time when the discharge was granted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.